IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>KRISTOPHER KNEUBUHLER | Criminal Action No.<br><br>1:23-CR-047 |

**Motion to Modify Defendant's Conditions of Release
or, in the Alternative, to Revoke Release**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Theodore S. Hertzberg, Assistant United States Attorney for the Northern District of Georgia, files this Motion to Modify Defendant's Conditions of Release or, in the Alternative, to Revoke Release. The Government submits the following in support:

1. On January 9, 2023, Defendant appeared before the Honorable Catherine M. Salinas, United States Magistrate Judge, following his arrest on a criminal complaint. [Docs. 1, 3.] The criminal complaint had been filed in Case No. 1:23-MJ-027-CMS.[1]

2. On January 12, 2023, upon the conclusion of a two-hour-long detention hearing, the Court released Defendant on a $100,000 unsecured bond and imposed

---

[1] Case No. 1:23-MJ-027-CMS was closed upon the opening of the instant case, following the return of an indictment that charges Defendant with receiving and possessing visual depictions of minors engaged in sexually explicit conduct. [Doc. 11.]

numerous conditions of release. [Docs. 6, 7, 8.] Among those conditions were that Defendant must reside at his mother's home; have no contact with his own minor children except by FaceTime using his mother's phone and with his mother nearby; be restricted to his mother's residence at all times with very few exceptions, including for employment between the hours of 9am-5pm; submit to location monitoring; and not use any computer other than desktop computers equipped with IPPC monitoring software for work on weekdays between 9am-5pm. [Doc. 8 at 2-4.] Defendant was specifically prohibited from using any laptop computers. [Doc. 8 at 4.]

3. On February 8, 2023, the undersigned was alerted that Defendant had been observed at the home in Roswell, where, upon information and belief, Defendant's wife and minor children continue to reside while Defendant is on home detention at his mother's house in Powder Springs. The undersigned promptly contacted United States Probation Officer ("USPO") Abnel Albaladejo-Torres, who has been tasked with supervising Defendant while on pretrial release. According to USPO Albaladejo-Torres, the location monitoring system has tracked Defendant to the Roswell residence on numerous occasions. When questioned by USPO Albaladejo-Torres about that, Defendant claimed the Roswell residence as his "showroom" and place of business. According to USPO Albaladejo-Torres, Defendant asserted that his conditions of release require him to work and do not prohibit him from being at the Roswell residence for work.[2]

---

[2] Statements made by Defendant and his attorney at the detention hearing left the undersigned with the impression that Defendant, who is self-employed, would

4. USPO Albaladejo-Torres has told the undersigned that, because Defendant is not currently living at the Roswell residence, he has neither inspected nor searched that home and, therefore, does not know what electronic devices are present there. USPO Albaladejo-Torres also reported that IPPC software has been installed only on a <u>laptop computer</u> that Defendant has been using in apparent contravention of the clear prohibition set forth in this Court's release order. None of the electronic devices at the Roswell residence is equipped with the IPPC software.

5. Pursuant to 18 U.S.C. § 3142(c)(3), this Court may at any time amend a release order to impose additional or different conditions of release. Pursuant to 18 U.S.C. § 3148(b), an attorney for the Government may initiate a proceeding for revocation of an order of release. The Court must enter an order of revocation and detention if, after a hearing, the Court finds there is clear and convincing evidence that the defendant has violated a condition of release and that either (i) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community or (ii) the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1)-(2).

---

work from his mother's residence or a non-residential office space. The undersigned does not recall any suggestion by Defendant or his attorney that Defendant would return to the Roswell residence while subject to conditions requiring him to live elsewhere. Unfortunately, as of the filing of this motion, the Government has been unable to obtain an official transcript of the detention hearing.

6. The Government respectfully submits that, at a minimum, Defendant's conditions of release should be modified to clarify that Defendant may not work from the Roswell residence, that the Roswell residence is off limits to him, and that any premises from which Defendant works may be subject to searches conducted by a USPO. The Government also requests that this Court set a hearing regarding Defendant's apparent violation of the existing conditions of release as set forth above and order such further relief as the Court deems just and proper.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/THEODORE S. HERTZBERG
*Assistant United States Attorney*
Georgia Bar No. 718163
theodore.hertzberg@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

February 10, 2023

/s/ THEODORE S. HERTZBERG

THEODORE S. HERTZBERG

*Assistant United States Attorney*