IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRISTOPHER KNEUBUHLER | CRIMINAL ACTION NO.<br><br>1:23-cr-47 |

## **O R D E R**

On January 12, 2023, I issued an Order Setting Conditions of Release for Defendant Kristopher Kneubuhler, releasing him from custody subject to numerous conditions ("Release Order"). [Doc. 8]. Among those conditions were that he must reside at his mother's home; he can have no contact with his own minor children, except by FaceTime using his mother's phone and with his mother nearby; he is restricted to his mother's residence at all times with very few exceptions, including for employment between the hours of 9 a.m. to 5 p.m.; he must submit to location monitoring; he cannot use any computer other than desktop computers equipped with IPPC monitoring software for work on weekdays between the hours of 9 a.m. to 5 p.m.; and he is specifically prohibited from using any laptop computers. [*Id.* at 2-4].

On February 10, 2023, the Government filed a Motion to Modify Defendant's Conditions of Release or, in the Alternative, to Revoke Release. [Doc. 14]. In that

motion, the Government advised the Court that Defendant (who is on home detention at his mother's house in Powder Springs and who is prohibited from having in-person contact with his children) had gone to his home in Roswell where his wife and minor children continue to reside. The Government advised that the United States Probation Officer assigned to the case reported that Defendant claimed the Roswell residence was his "showroom" and place of business, and that Defendant had admitted to going to the home on several occasions to conduct work-related activities, with the knowledge of the Probation Officer. [*Id.* at 2]. The motion also alleged that Defendant was using a laptop computer (with the tracking software installed), in violation of my Release Order. [*Id.* at 3].

On February 13, 2023, I held a hearing via Zoom to discuss these issues. After hearing from all parties, I concluded that the Release Order should be modified in two ways. First, it should be made clear that Defendant may not return to the Roswell residence for any reason—business or otherwise, until further order of the Court. Second, Defendant should be allowed to use his mother's laptop for work purposes, provided that it has the tracking software installed and that Defendant complies with all of the restrictions I have imposed regarding computer use.

For the reasons stated during the hearing, I find that two modifications should be made to the conditions, as follows.

**IT IS HEREBY ORDERED** that Defendant is to stay away from the Roswell residence where his wife and children reside. He may not use it as a work location.

**IT IS FURTHER ORDERED** that Special Condition Number 5 on page 4 of the Release Order is modified as follows:

5. The defendant is prohibited from accessing the internet or using a computer or other electronic device, except that he may use a single laptop equipped with IPPC software for work, during work hours (9-5, M-F). No smartphones. TV is limited to cable. No streaming.

**SO ORDERED** this 13th day of February, 2023.

_____
CATHERINE M. SALINAS
United States Magistrate Judge