IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>KRISTOPHER KNEUBUHLER | Criminal Action No.<br><br>1:23-CR-047-MHC-JEM |

**Government's Second Motion to Revoke Release**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Theodore S. Hertzberg, Assistant United States Attorney for the Northern District of Georgia, files this Motion to Revoke Release. The Government submits the following in support:

1. On January 9, 2023, Defendant appeared before the Honorable Catherine M. Salinas, United States Magistrate Judge, following his arrest on a criminal complaint. [Docs. 1, 3.] The criminal complaint had been filed in Case No. 1:23-MJ-027-CMS.[1]

2. On January 12, 2023, upon the conclusion of a two-hour-long detention hearing, the Court released Defendant on a $100,000 unsecured bond and imposed numerous conditions of release. [Docs. 6, 7, 8.] Among those conditions were that Defendant must reside at his mother's home; have no contact with his own minor

---

[1] Case No. 1:23-MJ-027-CMS was closed upon the opening of the instant case, following the return of an indictment that charges Defendant with receiving and possessing visual depictions of minors engaged in sexually explicit conduct. [Doc. 11.]

children except by FaceTime using his mother's phone and with his mother nearby; be restricted to his mother's residence at all times with very few exceptions, including for employment between the hours of 9am-5pm; submit to location monitoring; not use any computer other than desktop computers equipped with IPPC monitoring software for work on weekdays between 9am-5pm; and not use streaming services. [Doc. 8 at 2-4.]

3. On February 8, 2023, the undersigned was alerted that Defendant had been observed at the home in Roswell, where Defendant's wife and minor children continued to reside. The undersigned promptly contacted United States Probation Officer ("USPO") Abnel Albaladejo-Torres, who has been tasked with supervising Defendant while on pretrial release. According to USPO Albaladejo-Torres, the location monitoring system had tracked Defendant to the Roswell residence on numerous occasions. When questioned by USPO Albaladejo-Torres about that, Defendant claimed the Roswell residence as his place of business.

4. On February 10, 2023, the Government moved this Court to clarify that the Roswell residence is off limits to Defendant or, in the alternative, to revoke its release order. [Doc. 14.] After a hearing, this Court modified its release order to require Defendant to stay away from the Roswell residence. [Doc. 18.] Additionally, the Court modified Special Condition Number 5 of its initial release order to read as follows:

> The defendant is prohibited from accessing the internet or using a computer or other electronic device, except that he may use a single laptop equipped with IPPC software for work, during work hours (9-5, M-F). No smartphones. TV is limited to cable. No streaming.

5. On March 21, 2023, Homeland Security Investigations Special Agent Kasey Crump, the Government's lead investigator in this matter, contacted the undersigned to report that a LinkedIn user named "Kris Kneubuhler" had viewed her LinkedIn profile within the preceding week. Special Agent Crump provided the following image depicting Defendant's name and photograph in a list entitled "Who's viewed your profile.":



6. Upon learning of yet another apparent violation of Defendant's conditions of release, the undersigned contacted USPO Albaladejo-Torres. USPO

Albaladejo-Torres stated that he would check the IPPC monitoring software to determine if Defendant had used his laptop to access Special Agent Crump's LinkedIn profile, in violation of this Court's order that Defendant use the monitored laptop solely "for work."

7. On March 22, 2023, USPO Albaladejo-Torres advised the undersigned that the IPPC log did not show that the laptop had been used to access LinkedIn, indicating that, in further contravention of Special Condition Number 5, Defendant may have used a different device to research the Government's case agent. Additionally, USPO Albaladejo-Torres related to the undersigned that his review of the IPPC log indicated that Defendant had used the laptop to access a streaming service on March 9, 2023 without permission and to access youtube.com and conduct a non-work-related search regarding Georgia Amber Alerts on March 20, 2023, again without permission.

8. On March 23, 2023, USPO Albaladejo-Torres petitioned this Court to issue a summons ordering Defendant to appear and show cause why his pretrial bond supervision should not be revoked as a consequence of his violation of Special Condition Number 5.

9. Pursuant to 18 U.S.C. § 3148, an attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. 18 U.S.C. § 3148(b). A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release. *Id.* The Court must enter an order of revocation and detention if, after a hearing, the Court finds there is clear and convincing evidence that the defendant has violated a condition of

4

release and that either (i) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community or (ii) the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1)-(2).

10. The Government respectfully submits that Defendant has repeatedly violated his conditions of release and demonstrated that he is unlikely to abide by any condition or combination of conditions of release. Accordingly, the Government requests that this Court issue a warrant for Defendant's arrest and set a hearing regarding Defendant's apparent violations of his conditions of release.

    Respectfully submitted,

    RYAN K. BUCHANAN
    *United States Attorney*

/s/THEODORE S. HERTZBERG
    *Assistant United States Attorney*
Georgia Bar No. 718163
theodore.hertzberg@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

March 23, 2023

/s/ THEODORE S. HERTZBERG

THEODORE S. HERTZBERG

*Assistant United States Attorney*