IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V ) | CRIMINAL ACTION NUMBER |
| ) | 1:23-cr-00047-MHC-JEM |
| KRISTOPHER KNEUBUHLER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE REGARDING MODIFICATION OF BAIL CONDITIONS**

The request by Kneubuhler isn't an unreasonable one. At some point, he will have to be reunited with his children regardless of the outcome in this matter. He isn't asking that he can visit with his children independent of another adult supervising; he is simply asking to see his children. This has impacted his children as well, who cannot understand why they are unable to see their father. It has taken a heavy emotional toll on them. While the government rightly has concerns based on the instant charges, there is scant evidence other than speculation and allusion that he is a danger to the children. The defense is not bemoaning the use of a polygraph simply because it is a polygraph; the defense is bemoaning it because it should never be the sole evidence against someone especially when its scientific reliability is highly questionable.

The Eleventh Circuit Court of Appeals has addressed the admissibility of polygraph evidence on multiple occasions. In *U.S. v. Henderson* [1] the court emphasized

---

[1] 409 F.3d 1293, 1302 (11th Cir. 2005)

that the evidence must meet the requirements of Federal Rule of Evidence 702, which requires that the testimony be based on reliable principles and methods. The Court said, "the evidence must: (1) constitute scientific knowledge; and (2) assist the trier of fact to understand the evidence or to determine a fact at issue." [2] Courts have generally found that polygraph evidence does not meet the Daubert standard for reliability. For example, in *U.S. v. Loaiza-Clavijo*, [3] a judge in this district found that the polygraph evidence was not admissible because it did not meet the requirements for reliability. The government points to the fact that evidentiary rules don't apply at pre-trial hearings; however, the court must still determine if the polygraph is reliable in rendering a decision. Otherwise, why not just bring a fortune teller to a bond hearing to tell the court whether a person plans on fleeing the jurisdiction? The Government cites to *United States v. Bellomo*, [4] in footnote 2 of their response. [Doc. 33]. In that case, the defense introduced the polygraph to rebut the government's claims and the opinion by the district judge goes to great lengths to discount polygraph's reliability even concluding that they are weak evidence. [5] As far as the Eleventh Circuit abandoning the per se exclusion of polygraph tests as cited by the government in the same footnote 2 based on *United States v. Piccinonna*, that was under the old *Frye* test

---

[2] *Id. at* 1302.
[3] 1:08-cr-356-18-WSD (N.D. Ga. Feb. 17, 2012)
[4] 944 F. Supp. 1160
[5] *Id.* at 1164-1166.

before *Daubert* was decided by the United States Supreme Court regarding admissibility of evidence. [6]

The issue the defense is raising isn't about admissibility it is about reliability and asking the court to use something unreliable to deny him the ability to see his children. What is more reliable is the fact that his children were forensically interviewed about any sexual abuse, and it is the defense's understanding that nothing was gleaned from that interview at all. Defendant has yet to see any evidence that there have been any outcries made by his children to a schoolteacher, parent, coach, counselor, family member or anyone else alleging that their father had sexually abused them. Additionally, the government closes their response by asserting that there is a photo of Kneubuhler's son "holding what appears to be an adult male's penis near his face." [Doc. 33 at p. 7]. The government then says in footnote 3 they can't determine what the object is in the photo. [Doc. 33 n. 3]. Therefore, the court should disregard that because it isn't evidence of anything. As far as the video of his daughter naked that by itself is not indicative of child sexual abuse or even child pornography. Obviously, Kneubuhler is not in the video and nothing sexual is occurring otherwise the government would have detailed that in their response.

The defense understands the government's concerns where a person is charged with a child pornography offense and some nude photos of his children are also

---

[6] See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

found on a device. It is unclear if the government is saying these photos fall into the realm of unlawful photos. Kneubuhler is willing to accept any conditions the court wants to fashion to allow him to visit with his children. If the kids coming to visit at their grandmother's house concerns the court, then here are some other options:

- Meeting his children in a public setting with his mother and wife present.
- Hiring an independent person to supervise visits which regularly occurs in the family courts of Georgia, and this can be done at his mother's residence.

Any of the above options, if the Court doesn't like the original one suggested about visitation at his mother's home, will allay any fears of dangerousness.

Respectfully submitted,

*/s/Lawrence J. Zimmerman*
Lawrence J. Zimmerman
SBN :785198

*/s/Steven P. Berne*
Steven P. Berne
SBN: 055020

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon counsel of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This 20th day of June, 2023.

Respectfully submitted,

*/s/Lawrence J. Zimmerman*
Lawrence J. Zimmerman
SBN: 785198

*/s/Steven P. Berne*
Steven P. Berne
SBN: 055020