IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KRISTOPHER KNEUBUHLER | Case No. 1:23-CR-047-MHC |

## NOTICE OF SERVICE OF RULE 45 SUBPOENA

Pursuant to 28 U.S.C. § 3015(b) and Rules 26 and 45 of the Federal Rules of Civil Procedure, the United States will serve a subpoena on US Bank requiring the production of specified documents.

A copy of the attached subpoena will be served on US Bank via overnight mail as follows:

> US Bank
> PO Box 21948
> Eagen Minnesota 55121-4201

Dated: January 31, 2024.

                         RYAN A. BUCHANAN
                         UNITED STATES ATTORNEY

                         */s/ Vivieon K. Jones*
                         Vivieon K. Jones
                         Assistant U.S. Attorney
                         Georgia Bar No. 143033
                         75 Ted Turner Drive SW, Suite 600
                         Atlanta, Georgia 30303
                         Telephone: (404) 581-6312
                         E-mail: vivieon.jones@usdoj.gov

## Certificate of Service

This is to certify that, on January 31, 2024, I have electronically filed the foregoing document using the Court's CM/ECF system, which sent an electronic notice of filing with a link to the document to all parties of record.

                         /s/ Vivieon K. Jones

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) Criminal Action No. | 1:23-CR-00047-MHC-JEM |
| Kristopher Kneubuhler | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: US Bank, PO Box 21948 Eagan Minnesota 55121-4201

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attachment Exhibit A.  If you have any questions, contact: Matthew Rouse at 404-581-6277.

| Place: U.S. Attorney's Office - Northern District of Georgia<br>Attention: Matthew Rouse<br>75 Ted Turner Drive SW, Suite 600, Atlanta, GA 30303 | Date and Time:<br>02/20/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/31/2024

                  *CLERK OF COURT*                                  OR

    _____                          *Vivieon K. Jones*
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* United States of America
_____, who issues or requests this subpoena, are:

Vivieon K. Jones, Assistant United States Attorney
75 Ted Turner, S.W. Suite 600, Atlanta, GA 30303
vivieon.jones@usdoj.gov   (404) 581-6312

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Criminal Action No. 1:23-CR-00047-MHC-JEM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* US Bank

was received by me on *(date)* 01/31/2024 .

☑ I served the subpoena by delivering a copy to the named person as follows: US Bank

via FedEx

on *(date)* 02/01/2024 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00 .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/31/2024

*Server's signature*

Matthew Rouse, Investigator
*Printed name and title*

75 Ted Turner Drive, S.W. Suite 600, Atlanta, GA 30303

*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

NOTICE

The accompanying subpoena requires the production by your institution of the records listed thereon on or before the specified date and in the manner prescribed by the subpoena.

Pursuant to the Right to Financial Privacy Act, Title 12, United States Code, Section 3415, financial institutions may NOT be reimbursed for "records obtained pursuant to section ...3413(a) through (h) of this title." Section 3413(e) reads, "Disclosure pursuant to Federal Rules of Criminal Procedure or other comparable rules of other courts. Nothing in this chapter shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties."

The general principle is that 'there is a public obligation to provide evidence and that this obligation persists no matter how financially burdensome it may be. (Hurtado v. United States, 410 U.S. 578, 589 (1973)). Therefore, you will not be reimbursed for costs associated with production of the requested documents.

    By:  Vivieon K. Jones
    Assistant U.S. Attorney

Exhibit A – US Bank

# EXHIBIT A

## DEFINITIONS

1. "Document" shall have the same definition and scope as the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a) and "financial record" within the meaning of 12 U.S.C. § 3401(2).

2. "Bank" or "you" shall mean the witness, here: **US Bank** or its agent, attorney, representative, subsidiary, or affiliate.

3. "Account" shall mean any account at your financial institution, regardless of type (i.e., loan, mortgage, line of credit, deposit, checking, savings, investment, time deposit, brokerage, retirement, IRA, 401(k), or other qualified tax-deferred vehicle), for which the following persons or entities are account parties, signatories, or beneficiaries or otherwise identified as follows:
   a. Any account in the name of, or for the benefit of, **Kristopher Kneubuhler** (SSN: ) ("Account Party") or for which Kristopher Kneubuhler has signatory authority.
   b. Any account in the name of, or for the benefit of, **Harmonic Homes LLC**

## INSTRUCTIONS

1. For purposes of this subpoena or document request, the United States of America will accept production of electronic or hard copies of responsive documents in lieu of a personal appearance or submitting original for inspection and copying.

2. Except as otherwise permitted by law, production of responsive documents must be made in full, without abbreviation, redaction, or expurgation, and must include all attachments, appendices, exhibits, cover sheets, or facsimile transmission sheets.

3. Documents shall be organized and labeled to correspond with the categories set forth in this subpoena or document request.

Exhibit A – US Bank

4. If any responsive document is to be withheld or redacted on the basis of a claim of privilege or work product, your response must provide the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(i) and (ii).

5. For all materials produced in response to this subpoena or document requests, please provide an affidavit attesting to the authenticity and business records nature of any document, item, or thing to which you have the capacity of so attesting.

6. To the extent the Bank requires any additional identifying information, please contact the attorney or unit identified in the subpoena.

7. Unless specifically stated otherwise, all categories of document requests seek documents created during, or reflecting account activity for, the period beginning with **January 1, 2023**, through and including the date of complete production in response, including any period of time production is delayed due to any objection or motion to quash, stay, or limit the scope of this subpoena or document request.

## DOCUMENT REQUESTS

1. For each Account, as defined above, a true and correct copy of all:
   a. Periodic account statements;
   b. Deposit or withdrawal slips;
   c. Funds transfer requests, whether such request is by form, e-mail, or in writing and whether such funds transfer is electronically, by wire, ACH payment, EFT, or similar method;
   d. Funds transfer receipts or confirmations;
   e. Check images, front and back;
   f. SWIFT MT102, Fedwire, or similar payment messages regarding any funds transfer, whether originated by or received into any Account;
   g. Official or cashier's checks (front and back) and money orders either issued or presented for payment by you;
   h. Signature cards;
   i. Documents regarding Know-Your-Customer information;
   j. Account opening Documents;
   k. Certificate of Deposit and money market certificates and accounts;

Exhibit A – US Bank

    l. Credit card monthly statements;
    m. Loan files including applications;
    n. Cancelled checks;
    o. Safe Deposit Box Lease Agreement;
    p. Safe Deposit Entry Records;
    q. Payments for credit cards, mortgage loans, or any other accounts responsive to this subpoena. The responsive documents must include the account number and ABA routing number of the financial institution(s) where the payment(s) originated.
    r. Individual Retirement Accounts;

2. Other than internal correspondence, all electronic or hard-copy correspondence between Bank and an Account party, or a third-party, regarding any Account.

3. All loan applications and supporting documents, loan agreements, and promissory notes submitted or executed by **Kristopher Kneubuhler**

UNITED STATES DEPARTMENT OF JUSTICE
Washington, D.C. 20530

**CUSTOMER NOTICE**

Dear Julia Sims:

Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Department of Education (Government Agency) in accordance with the Right To Financial Privacy Act of 1978, 12 U.S.C. Secs. 34O1-3422, for the following purpose(s):

> To evaluate Kristopher Kneubuhler's financial condition and his ability to satisfy criminal monetary penalties in *United States v. Kristopher Kneubuhler*, a criminal action pending in the United States District Court for the Northern District of Georgia.

If you desire that such records or information not be made available, you must:

1. Fill out the accompanying motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

2. File the motion and sworn statement by mailing or delivering them to the Clerk of the United States Bankruptcy Court at the following address:  United States Bankruptcy Court, 75 Ted Turner Drive, SW, Atlanta, GA 30303 (It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena or formal written request, as well as a copy of this notice.)

3. Serve the Government authority requesting the records by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:  Vivieon K. Jones, Assistant United States Attorney, Financial Litigation Program, 75 Ted Turner Drive, SW, Suite 600, Atlanta, GA 30303

4. Be prepared to come to court and present your position in further detail.

5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Very truly yours,


Vivieon K. Jones, Assistant United States Attorney

United States Attorney's Office for the Northern District of Georgia
600 Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6312 – Phone

Date: January 31, 2024

Enclosures:

Subpoena, Motion Form, Sworn Statement Form
The Right To Financial Privacy Act, 12 U.S.C. Secs. 3401-3422

UNITED STATES DEPARTMENT OF JUSTICE
Washington, D.C. 20530

**CUSTOMER NOTICE**

Dear Kristopher Kneubuhler:

Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Department of Education (Government Agency) in accordance with the Right To Financial Privacy Act of 1978, 12 U.S.C. Secs. 34O1-3422, for the following purpose(s):

> To evaluate your financial condition and your ability to satisfy criminal monetary penalties in *United States v. Kristopher Kneubuhler*, a criminal action pending in the United States District Court for the Northern District of Georgia.

If you desire that such records or information not be made available, you must:

1. Fill out the accompanying motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

2. File the motion and sworn statement by mailing or delivering them to the Clerk of the United States Bankruptcy Court at the following address:  United States Bankruptcy Court, 75 Ted Turner Drive, SW, Atlanta, GA 30303 (It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena or formal written request, as well as a copy of this notice.)

3. Serve the Government authority requesting the records by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:  Vivieon K. Jones, Assistant United States Attorney, Financial Litigation Program, 75 Ted Turner Drive, SW, Suite 600, Atlanta, GA 30303

4. Be prepared to come to court and present your position in further detail.

5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Very truly yours,


Vivieon K. Jones, Assistant United States Attorney

United States Attorney's Office for the Northern District of Georgia
600 Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6312 – Phone

Date: January 31, 2024

Enclosures:

Subpoena, Motion Form, Sworn Statement Form
The Right To Financial Privacy Act, 12 U.S.C. Secs. 3401-3422

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

KRISTOPHER KNEUBUHLER

Case No. 1:23-CR-047-MHC

**MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY ACT of 1978**

_____ hereby moves this Court, pursuant to
(Your Name)

Section 1110 of the Right To Financial Privacy Act of 1978, 12 U.S.C. Sec. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the Department of Education.

My financial records are held by _____.
(Name of Financial Institution)

In support of this motion, the Court is respectfully referred to my sworn statement filed with this motion.

    Respectfully submitted,

_____
(Your signature)

_____
(Your Name)

_____
_____
(Your Address)

_____
(Your Telephone #)

1

## CERTIFICATE OF SERVICE

    I have mailed or delivered a copy of this motion and the attached sworn statement to Vivieon K. Jones, Assistant United States Attorney, 75 Ted Turner Drive, SW, Suite 600, Atlanta, GA 30303 on _____, 2024.

                                                                                                        (Date)

_____
       (Your Signature)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>KRISTOPHER KNEUBUHLER | Case No. 1:23-CR-047-MHC |

**SWORN STATEMENT OF MOVANT**

I, _____, (am presently/was previously)
   (Customer's Name)                                    (Indicate One)

a customer of _____
                        (Name of Financial Institution)

and I am the customer whose records are being requested by the Government.

The financial records sought by _____
                                          (Name of Government Agency)

are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because:

_____
_____
_____

or should not be disclosed because there has not been substantial compliance with the Right To Financial Privacy Act of 1978 in that:

_____
_____
_____

or should not be disclosed on the following other legal basis: _____

_____
_____
_____
_____.

1

I declare under penalty of perjury that the foregoing is true and correct.

_____ ____, 2024.
(Date)


_____
(Your Signature)