IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

KRISTOPHER KNEUBUHLER

Case No. 1:23-CR-047-MHC

## NOTICE OF SERVICE OF RULE 45 SUBPOENA

Pursuant to 28 U.S.C. § 3015(b) and Rules 26 and 45 of the Federal Rules of Civil Procedure, the United States will serve a subpoena on Julia Sims requiring the production of specified documents.

A copy of the attached subpoena will be served on Julia Sims via overnight mail in Roswell, GA[1].

Dated: January 31, 2024.

RYAN A. BUCHANAN
UNITED STATES ATTORNEY

*/s/ Vivieon K. Jones*
Vivieon K. Jones
Assistant U.S. Attorney
Georgia Bar No. 143033
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303

---

[1] Pursuant to Fed. R. Crim. P. 49.1, the home address has been redacted to the city and state to prevent public disclosure. Upon request of the Court, the full address will be provided in camera.

Telephone: (404) 581-6312
E-mail: vivieon.jones@usdoj.gov

**Certificate of Service**

This is to certify that, on January 31, 2024, I have electronically filed the foregoing document using the Court's CM/ECF system, which sent an electronic notice of filing with a link to the document to all parties of record.

*/s/ Vivieon K. Jones*

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No. |
| _____ <br> *Defendant* | ) ) ) | (If the action is pending in another district, state where: <br> _____ District of _____ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        xxxxxxxxxxxxxxx

❏  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | *Vivion K. Jones* <br> *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

NOTICE

The accompanying subpoena requires the production by your institution of the records listed thereon on or before the specified date and in the manner prescribed by the subpoena.

Pursuant to the Right to Financial Privacy Act, Title 12, United States Code, Section 3415, financial institutions may NOT be reimbursed for "records obtained pursuant to section ...3413(a) through (h) of this title."  Section 3413(e) reads, "Disclosure pursuant to Federal Rules of Criminal Procedure or other comparable rules of other courts.  Nothing in this chapter shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties."

The general principle is that 'there is a public obligation to provide evidence and that this obligation persists no matter how financially burdensome it may be. (Hurtado v. United States, 410 U.S. 578, 589 (1973)).  Therefore, you will not be reimbursed for costs associated with production of the requested documents.

By:
Assistant U.S. Attorney

Exhibit A – Julia Sims

# EXHIBIT A

## INSTRUCTIONS

1.  For purposes of this subpoena or document request, the United States of America will accept production of electronic or hard copies of responsive documents in lieu of a personal appearance or submitting original for inspection and copying.

2. Except as otherwise permitted by law, production of responsive documents must be made in full, without abbreviation, redaction, or expurgation, and must include all attachments, appendices, exhibits, cover sheets, or facsimile transmission sheets.

3.  If any responsive document is to be withheld or redacted on the basis of a claim of privilege or work product, your response must provide the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(i) and (ii).

4.  This subpoena or document request seeks documents for the period beginning **January 1, 2023 through and including the date of complete production in response**.

## DOCUMENT REQUESTS

A. Vehicle loan / lease applications and agreements, including but not limited to those for a 2022 Mercedes Benz GLE VIN# 4JGFB5KB3NA590420.
B. Documentation sufficient to verify the source of funds used in the purchase a 2018 Ford Transit Van VIN# 1FTYR1YM9JKA92222 and a 2018 Ford Transit Van VIN# 1FTYR1ZM8JKA43155.
C. Documentation sufficient to detail any transfer / sale / repossession etc. of a 2018 MERCEDES BENZ E CLASS VIN# WDDZF8KB7JA215864.
D. Pay stubs or other statements showing your individual income.
E. Account statements for any personal or business bank accounts you have.
F. Life Insurance policy statements.
G. Investment / retirement account statements.
H. Cryptocurrency exchange account statements