IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>v.<br><br>KRISTOPHER KNEUBUHLER, | Criminal Action No.<br>1:23-CR-047-MHC |

**REPLY IN SUPPORT OF GOVERNMENT'S APPLICATION
FOR AMENDED WRIT OF EXECUTION, TO APPOINT SUBSTITUTE
CUSTODIAN IN AID OF EXECUTION, AND TO AUTHORIZE THE
COMMERCIALLY REASONABLE SALE OF PERSONAL PROPERTY**

The United States of America through the United States Attorney for the Northern District of Georgia and the undersigned Assistant United States Attorney states as follows in support of the amended application for a writ of execution and accompanying order in aid of execution:

Kristopher Kneubuhler (the "Defendant") was sentenced on April 9, 2024, to a term of imprisonment of 57 months. Additionally, the Court imposed a $100.00 special assessment, $5,000.00 JVTA assessment, $10,000.00 assessment and $20,500.00 for restitution. The criminal judgment set forth the criminal monetary penalties and expressly provided that "all criminal penalties shall be due immediately":

> Case 1:23-cr-00047-MHC-JEM   Document 72   Filed 04/12/24   Page 7 of 9
>
> DEFENDANT: KRISTOPHER KNEUBUHLER
> CASE NUMBER: 1:23-CR-047-MHC
>
> Judgment -- Page 7 of 9
>
> Judgment in a Criminal Case
> Sheet 5 -- Criminal Monetary Penalties
>
> **CRIMINAL MONETARY PENALTIES**
>
> The defendant must pay the total criminal monetary penalties as provided below. All criminal penalties shall be due immediately. Payments must be made to the Clerk of court, United States District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.

Doc. 72.

A judgment for criminal penalties, including restitution, is subject to enforcement (including execution) by the United States pursuant to 18 U.S.C. §§ 3613 and 3572, the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001, et seq., and Rule 69, Federal Rules of Civil Procedure.

On April 12, 2024, the Government filed an *ex parte* application for a writ of execution. Following issuance of the writ of execution, the Defendant filed a response (the "Preliminary Objection"). The Preliminary Objection presents six arguments, each without merit. For the reasons discussed below, the Government's Application for an Amended Writ of Execution and order in aid of execution should be granted, and the requested order entered without delay.

### I.     Defendant is not Entitled to Advance Notice of a Writ of Execution.

Defendant protests that the Government's application for a writ of execution was a surprise and defense counsel was not served until April 16, 2024. Despite counsel's protestations of surprise, the FDCPA provides for *ex parte* applications for writs of garnishment, writs of execution, and other collection remedies, with notice required only after the writ has attached to and frozen the targeted asset. *See* 28 U.S.C. § 3004(c). The FDCPA applies to the collection of criminal monetary penalties and thus supports the conclusion that the Government need not notify Defendant or his counsel before encumbering assets for this purpose. 18 U.S.C. §§ 3613(a), 3664(m). If Defendant and similarly situated defendants were entitled to advance notice, they may take action to hinder or delay the Government's collection activity, thereby needlessly multiplying the proceedings before the Court.

### II.     The Pinball Machines are Properly Subject of a Writ of Execution.

As indicated in the Government's application for the writ of execution, as amended, the Defendant repeatedly testified during his March 5, 2024 financial deposition that the pinball machines belonged to him personally and were considered assets of him and his household. At no point did Defendant identify the pinball machines as assets of Defendant's home automation business nor explain how the nineteen pinball machines relate to the operation of an

3

automation business. In the Preliminary Objection, Defendant has presented no support for the conclusion that the pinball machines should be considered anything other than personal assets available to satisfy the outstanding criminal monetary penalties. As Defendant specifically identified the pinball machines as assets available to satisfy criminal monetary penalties in this action, they are properly subject of the present writ of execution.

### III. Defendant Lacks the Ability to Direct the Application of the Proceeds of the Government's Collection Action.

Defendant suggests, without citation to authority, that the proceeds from the sale of the pinball machines should be applied only to his outstanding restitution obligation. This argument is in plain derogation of the language of 18 U.S.C. § 3612(c), which sets forth the priority of application of payments:

> **(c) Responsibility for collection.**--The Attorney General shall be responsible for collection of an unpaid fine or restitution concerning which a certification has been issued as provided in subsection (b). An order of restitution, pursuant to section 3556, does not create any right of action against the United States by the person to whom restitution is ordered to be paid. Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:
> **(1)** A penalty assessment under section 3013 of title 18, United States Code.
> **(2)** Restitution of all victims.
> **(3)** All other fines, penalties, costs, and other payments required under the sentence.

There is no basis to deviate from the statutory scheme and the order of application of payments to the imposed criminal monetary penalties. The Court should reject

4

Defendant's argument and permit the Clerk of Court to apply payments consistent with established law.

### IV. An Installment Payment Schedule does not Preclude Collection under 18 U.S.C. § 3613.

Defendant appears to suggest that the execution sale of the pinball machines is improper because his judgment included an installment payment schedule. Defendant's suggestion conflicts with 18 U.S.C. § 3612(c) because court-ordered installment payments place an obligation on the defendant to pay, but that order does not meet the United States' obligation to enforce criminal penalties. Pursuant to 18 U.S.C. § 3612(c), the Attorney General is responsible for aggressively enforcing the monetary portion of criminal judgments to ensure that the rights of victims are protected. The Government's obligation to collect is logically independent of the Defendant's obligation to pay. Although Defendant may ultimately meet the affirmative obligation under the judgment to make regular installment payments, nothing in the judgment relieves the Government of its obligation to immediately collect on the criminal monetary penalties imposed by the Court. Under section 3613, enforcement begins immediately when "on the entry of judgment" a lien arises on all of a defendant's property and rights to property, and there is no legal authority limiting the Government's responsibility and ability to enforce that lien to collect the outstanding criminal penalties. See 18 U.S.C. § 3613 (a), (c), and (f).

The overwhelming majority of courts that have considered the issue have similarly rejected Defendant's argument and held that a court-imposed installment plan does not preclude the United States from immediately collecting restitution from non-exempt assets. *See* e.g., *Stacy v. United States*, No. 22-2003, 2023 WL 3773895, at *5 (7th Cir. June 2, 2023) (installments are the least that the Defendant must voluntarily pay; not the maximum that the Government may forcibly collect); *United States v. O'Brien*, 851 F. App'x 236, 240 (2d Cir. 2021)(installment payment plan in the criminal judgment did not preclude the government from seeking a lump sum garnishment of entire cash surrender value of two retirement accounts); *United States v. Wykoff*, 839 F.3d 581 (7th Cir. 2016) (rejecting defendant's argument that installment payments precluded the Government's garnishment noting, "[i]f the restitution debt exceeds a felon's wealth, then the Mandatory Victim Restitution Act . . . demands that his wealth be paid over immediately.") (quoting *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008)); *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (payment schedule did not preclude garnishment because the judgment specified that restitution was due and payable in full immediately); *United States v. Shusterman*, 331 F. App'x 994 (3d Cir. 2009) (district court did not err in allowing garnishment as an additional means to collect restitution judgment where restitution due immediately and setting monthly installments while on supervised release);

6

*United States v. Ekong*, 518 F.3d 285 (5th Cir. 2007) (payment schedule does not preclude government from enforcing restitution order through other means). Neither the installment payment provisions, nor any other part of the criminal judgment limit the Government's collection efforts as to the imposed criminal monetary penalties in this case.

**V.    The Court should not Impose Liability for "Any Damage" to the Pinball Machines as Suggested by Defendant.**

In the Preliminary Objection, Defendant suggest that "the moving and selling company should be liable for any damage to the pinball machines" despite the fact that neither the U.S. Marshals Service nor the proposed substitute custodian have had any opportunity to inspect the machines, Defendant has provided no warranty or representation as to the current state of the pinball machines. Under the circumstances, the Court should not impose liability upon the U.S. Marshals Service, the proposed substitute custodian, or agent while carrying out their duties in good faith and in accordance with a lawful order, particularly as they lack knowledge of the current state of pinball machines.

**VI.    There is no Basis to Stay Enforcement of the Imposed Criminal Monetary Penalties, Absent Posting Full Bond by Defendant.**

Rule 38(c), Federal Rules of Criminal Procedure, and 18 U.S.C. § 3572(g), generally control a district court's exercise of discretion in determining whether to grant a stay of execution on a criminal judgment. Neither apply here, however,

7

because the criminal judgment and restitution order are final and are not on appeal. Accordingly, no further analysis is required, and Defendant's de facto and procedurally improper request to delay the writ of execution and attendant order is without merit and should be rejected. Even if an appeal from the criminal judgment were pending (and it is not), and a discretionary stay was otherwise deemed appropriate, the Court is authorized to require a defendant to:

(1) deposit all or part of the fine and costs into the district court's registry pending appeal;

(2) post a bond to pay the fine and costs; or

(3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating any assets.

Fed. R. Crim. P. 38(c).  Accordingly, were the Court to entertain such a stay, (and it should not for the reasons discussed in this response), Defendant should first be required to post a bond in the full amount of the outstanding criminal monetary penalties, to be forfeited in the event he loses his appeal[1]. Otherwise, the Government's interests, and those of his victims, are unprotected. Accordingly, a discretionary stay should not be issued. The Defendant has the statutory right to assert any valid exemption or raise any valid objections pursuant to 28 U.S.C. § 3202(d) but he does not have, and should not be granted, additional authorization

---

[1] As of April 24, 2024, the outstanding balance is $35,500.00.

to circumscribe the Government's ability to enforce this Court's criminal judgment.

WHEREFORE, the Government respectfully requests that the Court issue an Order and Amended Writ of Execution (1) authorizing and directing the USMS to levy on, secure, inspect, inventory, and photograph the nineteen (19) pinball machines located at 300 Anchorage Place, Roswell, GA 30076 and deliver the pinball machines to Bullseye Auction & Appraisal; (2) appointing Bullseye Auction & Appraisal as a substitute custodian for the USMS with respect to the pinball machines until such time a sale of the pinball machines may be effected; (3) providing that Bullseye Auction & Appraisal shall not have any liability arising from the transportation, storage, preservation, or condition of the pinball machines during the term of its custodianship and it shall make no guaranty or warranty as to same; (4) upon levy, authorizing and directing Bullseye Auction & Appraisal to sell the pinball machines by auction in accordance with 28 U.S.C. § 3203(c) and (d); (5) authorizing the deduction from the proceeds of the sale all costs of this action, including (i) any transportation and storage expenses, (ii) reasonable expenses incurred in making the levy of execution, maintaining and selling the pinball machines, pursuant to 28 U.S.C. § 3203(h), as well as (iii) sales commission and costs; and (6) entering any further relief the Court deems just and proper.

Respectfully submitted this 24th day of April 2024,

RYAN K. BUCHANAN
UNITED STATES ATTORNEY


   */s/ Vivieon K. Jones*
VIVIEON K. JONES
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 143033
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Phone: 404-581-6312
*Counsel for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing was typed using 13-point Book Antiqua font.

   */s/ Vivieon K. Jones*
VIVIEON K. JONES
Assistant United States Attorney